## In re STRAUT'S ESTATE.

(*Supreme Court, General Term, First Department.*   March 29, 1889.)

.JUDGMENT—RES ADJUDICATA.

An application by the next of kin of a deceased *cestui que trust*, to require the executor of a deceased trustee to file an account, should be refused when it appears

that the issues presented were adjudicated in a prior action brought by the surviving trustee, to which said deceased *cestui que trust* was a party, and nothing is shown to avoid the force of the judgment in that action.

Appeal from surrogate's court, New York county.

In 1857 the will of Jacob Straut, deceased, was admitted to probate in said county, and two of the executors and trustees named therein qualified and assumed the duties of their office. One of them having died, Edward J. Straut, the survivor, continued to execute the trust until 1881, when Jacob H. Conklin and Jacob A. Hopper were appointed his associates. Later in 1881, Edward J. Straut died, and Garret Z. Snider became his executor. F. M. Hopper, claiming to be one of the next of kin of Maria Hopper, (*nee* Straut,) a legatee and *cestui que trust* under the will of Jacob Straut, filed a petition asking that said Snider, executor, etc., of Edward J. Straut, deceased, be required to render an account of the dealings of his testator with the trust fund, alleging that much property of the trust-estate came into the hands of said Snider as such executor. Snider answered, alleging that his testator, after the appointment of Conklin and Hopper as his associates, had executed none of the duties of the trust, which were discharged wholly by said Conklin and Hopper. He further averred that said Conklin and Hopper brought a suit to which Maria Hopper was a party and appeared, and that all the questions raised in the present proceeding were at issue and determined therein. The surrogate denied the application, and the petitioner appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*W. J. Hardy,* for appellant.   *Irving Brown,* for respondent.

MACOMBER, J. The allegations of the respondent to the petition of the appellant, show, among other things, that long prior to the filing of this petition an action was brought in the supreme court of this state by the trustees under the will of Jacob Straut against the present executor, in which Maria, the wife of Francis M. Hopper, and all others interested in the estate of Jacob Straut, were made parties defendant. It is further alleged in this answer that such action was brought for the benefit of this petitioner, among others, and that he was represented therein. The petitioner claims, under Maria Straut, who, it is shown, was a party to the action in the supreme court. This is followed by proof of the judgment record in that action, and no evidence seems to have been given to vary or break the force thereof. Under these circumstances, the order of the surrogate is right, and must be affirmed. It is so ordered, with costs.

BRADY, J., concurs.